IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**FREDY FIGUEROA-MONTES,**

No. 3:11-cr-00249-MO

Petitioner,                                    No. 3:16-cv-00086-MO

OPINION AND ORDER

v.

**UNITED STATES OF AMERICA,**

Respondent,

**MOSMAN, J.**,

Petitioner Fredy Figueroa-Montes is a prisoner in federal custody proceeding *pro se*. Before the Court is his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [394]. Mr. Figueroa-Montes was convicted of Conspiracy to Manufacture Marijuana and of Depredation of Government Property. He brings this motion contending it was ineffective assistance of trial counsel to have him sign a stipulation to the number of marijuana plants he grew and it was ineffective assistance of appellate counsel not to raise this issue on direct appeal. For the reasons set forth below, Mr. Figueroa-Montes's 28 U.S.C. § 2255 petition [394] is DENIED and his case DISMISSED with prejudice.

## I.    BACKGROUND

After receiving a tip from bear hunters about a marijuana grow in the Wallowa Whitman forest in early 2011, investigators discovered a marijuana grow. Approximately one month later, investigators

executed a search warrant at a camp site located near the grow and arrested Mr. Figueroa-Montes along with five other men. Investigators found over 90,000 marijuana plants at the grow.

The case was initially tried to a jury in August 2013; however, the jury advised the Court that they were unable to reach a verdict and the Court declared a mistrial. The case was retried in December 2013. The parties entered into a factual stipulation at trial, which was incorporated into Jury Instruction 16:

> The parties have agreed to certain facts. You should therefore treat these facts as having been proven:
>
> 1.      The conduct in this case took place on the Wallowa Whitman National Forest, federal public lands under the supervision of the United States Forest Service.
>
> 2.      The conduct in this case took place in the District of Oregon.
>
> 3.      The plants seized in this case were marijuana plants. Marijuana is a Schedule I controlled substance.
>
> 4.      Oregon State Police Forensic Scientist Nika E. Larsen did not find defendant's fingerprints on any of the three firearms seized in this case.

After a five-day jury trial, the jury convicted Mr. Figueroa-Montes of conspiracy to manufacture marijuana and depredation of government property.

Prior to sentencing, the U.S. Probation Office prepared a presentence report that calculated Mr. Figueroa-Montes's advisory guidelines range at 188-235 months. In its sentencing memorandum, the government recommended the Court impose a sentence of 200 months. Mr. Figueroa-Montes's trial defense counsel filed a sentencing letter with the Court. This letter summarized Mr. Figueroa-Montes's testimony and argument that although he had dug holes for marijuana plants, he had not actually planted any plants. The sentencing letter also made an effort to suggest that Mr. Figueroa-Montes had initially accepted some responsibility for his conduct, noting Mr. Figueroa-Montes's letter written to the Court *pro se* admitted that he was responsible for planting 3,000 plants. Defense counsel's letter also

conducted a guideline analysis and recommended the Court impose a sentence of only 41 months in prison. The Court ultimately sentenced Mr. Figueroa-Montes to 140 months' imprisonment for conspiring to manufacture marijuana and to a concurrent 120 months for depredation of government property.

Mr. Figueroa-Montes filed a direct appeal, contending the trial court abused its discretion in formulating definitional jury instructions on the affirmative defense of duress. The Ninth Circuit Court of Appeals affirmed the conviction in an unpublished memorandum disposition. On January 15, 2016, Mr. Figueroa-Montes timely filed this motion for relief.

## I.    FACTUAL STANDARD

The law governing ineffective assistance of counsel claims is clearly established. *Canales v. Roe*, 151 F.3d 1226, 1229 (9th Cir. 1998.). In *Strickland v. Washington*, the Supreme Court held that there are two components to an ineffective assistance of counsel claim: "deficient performance" and "prejudice." 466 U.S. 668, 687 (1984). Establishing "deficient performance" requires the movant to show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* at 687. "Deficient performance" means representation that "fell below an objective standard of reasonableness." *Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011) (citing *Strickland,* 466 U.S. at 688). To demonstrate prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the movant as a result of the alleged deficiencies. *Id.* at 697.

## II.    ANALYSIS

In his motion, Mr. Figueroa-Montes claims his trial counsel was ineffective when he had him sign a stipulation regarding the number of marijuana plants, and his appellate counsel provided ineffective assistance of counsel for failing to raise this issue on direct appeal. (Pet. Mot. [394] at 5.) In his Reply brief, Mr. Figueroa-Montes raises a related yet distinct argument that his trial counsel was ineffective in agreeing to the factual stipulation that was incorporated into Jury Instruction 16 which stated, among other things, that "[t]he plants seized in this case were marijuana plants." (*See* Pet. Reply [404] at 3-4.) Mr. Figueroa-Montes has failed to show that either of these alleged actions relating to stipulations constituted ineffective assistance of counsel under *Strickland*.

First, Mr. Figueroa-Montes's claim that his trial counsel was ineffective when he had him sign a stipulation regarding the quantity of marijuana plants does not constitute ineffective assistance of counsel. To establish ineffective assistance of counsel, Mr. Figueroa-Montes must prove two different components: First, he must show that the specific act or omission fell below a standard of professional care; and second, he must prove actual prejudice. *Strickland*, 466 U.S. at 687. Mr. Figueroa-Montes has proved neither. Mr. Figueroa-Montes makes only vague allegations that he signed a stipulation concerning the number of marijuana plants. He does not offer the Court any evidence of such a stipulation. Exhibits 3 and 6, which he cites to in his Reply, do not contain any stipulation as to the number of plants. While Mr. Figueroa-Montes is not required to allege facts in detail, he must make factual allegations. *See United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). He may not simply make up a factual allegation that his counsel stipulated to an amount when the record is bare of such a stipulation. Mr. Figueroa-Montes has failed to prove that a stipulation as to the number of marijuana plants existed, let along that entering into such a stipulation fell below the standard of professional competence.

While it is not entirely clear to the Court, the quantity "stipulation" Mr. Figueroa-Montes is referring to could potentially be Mr. Figueroa-Montes's letter he submitted to the court *pro se* admitting that he was responsible for planting 3,000 plants. However, even assuming this is the "stipulation" to which Mr. Figueroa-Montes is referring, Mr. Figueroa-Montes has proved neither of the *Strickland* components. It was not prejudicial as to guilt for trial defense counsel to include the *pro se* letter in the sentencing letter to the Court because the jury had already convicted Mr. Figueroa-Montes. Furthermore, Mr. Figueroa-Montes has not offered any evidence that it was prejudicial as to the sentence he received. Indeed, on the record before me, defense counsel offered the letter to the Court during sentencing to support an argument for a shorter sentence. Mr. Figueroa-Montes has not offered any evidence or articulated a coherent argument as to why including the admission in the sentencing letter fell below a standard of professional care for defense trial counsel. In fact, defense counsel's sentencing letter relied on the fact that Mr. Figueroa-Montes had initially accepted responsibility in suggesting the Court impose a much shorter sentence on Mr. Figueroa-Montes    only 41 month. Therefore, I find even if the *pro se* letter is the quantity "stipulation" Mr. Figueroa-Montes is referring to, it was not ineffective assistance of counsel for defense trial counsel to refer to it in his sentencing letter to the Court.

Second, Mr. Figueroa-Montes's claim that his trial counsel was ineffective to have Mr. Figueroa-Montes stipulate that the plants seized in the case were marijuana plants also does not constitute ineffective assistance of counsel. Applying the same two-component *Strickland* test as above, even assuming this stipulation may have been prejudicial, Mr. Figueroa-Montes does not offer any evidence that this stipulation fell below a standard of professional care. *Strickland*, 466 U.S. at 687. In order to demonstrate the stipulation fell below a standard of professional care, Mr. Figueroa-Montes would need to provide some kind of reliable indicator that these plants were not in fact marijuana. Such

5    OPINION AND ORDER

an indicator is absent from the record. In fact, the record indicates a qualified forensic scientist at the

Oregon State Police Forensic Laboratory tested the plant samples and determined they were marijuana.

(*See* Trial Stipulations [249] at 1.) In light of these test results and in the absence of any evidence that

these test results were inaccurate, I find that defense trial counsel used sound judgment in stipulating

that the plants seized in the case were marijuana plants and therefore find defense counsel's actions do

not constitute ineffective assistance of counsel.

      I further find that an evidentiary hearing is not necessary in reaching my decision to deny Mr.

Figueroa-Montes's motion. "Where a section 2255 motion is based on alleged occurrences outside the

record, no hearing is required if the allegations, viewed against the record, either fail to state a claim for

relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Shah v.*

*United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (internal citations and quotations omitted).  I decline

to hold a hearing in this case because Mr. Figueroa-Montes's ineffective assistance claim lacks any

specific facts that, if true, would entitle him to relief. *U.S. v. Leonti*, 326 F.3d 1111, 1116 (9th Cir.

2003).

      Finally, I decline to issue a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c)(2), "a

certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial

showing of the denial of a constitutional right." In this case, Mr. Figueroa-Montes has not made a

substantial showing that he was denied a constitutional right. Accordingly, I deny a certificate of

appealability in this case.

//

//

//

//

//

III.    **CONCLUSION**

For the reasons stated above, Mr. Figueroa-Montes's motion for relief under 28 U.S.C. § 2255

[394] is DENIED without an evidentiary hearing. I also decline to issue a certificate of appealability in

this case.

DATED this __7th__ day of July, 2016.


                                        /s/ Michael W. Mosman
                                        MICHAEL W. MOSMAN
                                        Chief United States District Judge